Blake D. Miller (4090)
Deborah R. Chandler (12057)
**MILLER TOONE, P.C.**
165 Regent Street
Salt Lake City, Utah 84111
Telephone: (801) 363-5600
Facsimile: (801) 363-5601
E-mail: miller@millertoone.com
         chandler@millertoone.com

Proposed Attorneys for the Debtor

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | Bankruptcy Case No. 15-24141 |
|---|---|
| **FINGER LICKIN' BRANDS, LLC, dba Dickey's Barbecue Pit of Utah** | **Chapter 11** |
| **Debtor.** | **Honorable Joel T. Marker** |
| | **(Filed Electronically)** |

**ORDER APPROVING STIPULATION FOR USE OF CASH COLLATERAL AND AUTHORIZING GRANTING OF REPLACEMENT LIENS**

The hearing on the Debtor's Motion to Approve Cash Collateral Stipulation with Rewards Network Establishment Services Inc., Including Approving Replacement Liens [Docket No. 39] (the "Motion"), [1] took place on June 16, 2015 at 3:00 p.m.  Blake D. Miller and

---

[1]    All capitalized terms used herein and not otherwise defined shall have the same meaning ascribed to them in the Motion.

Deborah Chandler of Miller Toone, P.C. appeared on behalf of the Debtor; Peter J. Kuhn appeared on behalf of the United States Trustee, Michael F. Thomson of Dorsey & Whitney and Isaac Gabriel of Quarles & Brady appeared on behalf of Rewards Network Establishment Services, Inc.

Based on the representations of counsel for the Debtor, the stipulation of the parties, and the Court having made findings of fact and conclusions of law on the record, which findings and conclusions are incorporated into this order by reference, and good cause appearing, it is hereby ordered that:

1. Notice of the Motion was and is adequate and proper within the meaning of 11 U.S.C. §§ 102(1) and Federal Rule of Bankruptcy Procedure 4001(b).

2. The Stipulation attached to the Motion as Exhibit "A" is hereby approved and the provisions therein are hereby granted effect and incorporated into this Order.

3. As adequate protection for the use of cash collateral as set forth in the Stipulation, the Debtor is authorized to grant the Replacement Liens identified in the Stipulation in favor of Rewards Network Establishment Services Inc. ("Rewards Network") *nunc pro tunc* to the Petition Date. The Replacement Liens will only secure any diminution in value of Rewards Network's collateral, including cash collateral, following the Petition Date in this bankruptcy case. The Replacement Liens shall be, and hereby are effective and continuing without the necessity of the execution, filing and/or recordation of any security agreement, control agreement, pledge

agreements, financing statements or otherwise.  The Replacement Liens shall possess the same extent, validity and priority as Rewards Network's prepetition liens.

4.    Subject to the provisions of 11 U.S.C. §552, Rewards Network will retain, to the same extent, validity and priority, all of its existing liens and security interests in all of its existing collateral, including any rights of setoff and/or recoupment.

5.    The Debtor shall perform and cause all of its restaurants to perform under the applicable RN Documents pursuant to § 365 of the Bankruptcy Code until such time that the RN Documents are either assumed or rejected in accordance with 11 U.S.C. § 365.  Subject to a rejection under § 365, the Debtor and Rewards Network are authorized and shall perform all of their respective obligations under the Rewards Network documents post-petition unless and until a Termination Event, as defined in the Stipulation occurs.  Any amounts paid by the Debtor to Rewards Network shall be applied to reduce the outstanding dining credits owing under the subject agreements (and thus the asserted secured claim of Rewards Network in accordance with the terms thereof).  All the rights of the Debtor and Rewards Network under Bankruptcy Code § 365 regarding the assumption or rejection of the Agreements are fully reserved

6.    Nothing in this Order shall be deemed to determine the extent, amount, validity or priority of the pre-petition claims or liens of Rewards Network.

7.    This order is effective as of June 16, 2015, when the Court's verbal ruling was announced in open court at the conclusion of the hearing on the motion.

------------------------- END OF ORDER -------------------------