**This order is SIGNED.**

**Dated: August 11, 2015**





**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **In re:**<br><br>**FINGER LICKIN' BRANDS, LLC dba Dickey's Barbecue Pit of Utah**<br><br>        **Debtor.** | **Bankruptcy No. 15-24141**<br>**Chapter 11**<br><br>**(Substantively Consolidated)**<br><br>**Honorable Joel T. Marker** |
| **BIG BARBECUE RESTAURANT GROUP, LLC  (Case No. 15-24143)**<br><br>**BUNGALOW HOLDINGS, LLC, (Case No. 15-24144)**<br><br>        **Debtors.** | |

       The Court, having considered the Debtor's Motion to Approve Second Cash Collateral Stipulation with Rewards Network Establishment Services Inc., Including Approving Replacement Liens [Docket No. 105] (the "Motion"),[1] adequate notice having been given, there

---

[1] All capitalized terms used herein and not otherwise defined shall have the same meaning ascribed to them in the Motion.

being no objections as certified by Debtor's counsel, and good cause appearing therefore, it is hereby ordered that:

1. Notice of the Motion was and is adequate and proper within the meaning of 11 U.S.C. §§ 102(1) and Federal Rule of Bankruptcy Procedure 4001(b).

2. The Second Stipulation attached to the Motion as Exhibit "A" is hereby approved and the provisions therein are hereby granted effect and incorporated into this Order.

3. As adequate protection for the use of cash collateral as set forth in the Second Stipulation, the Debtor is authorized to grant the Replacement Liens identified in the Second Stipulation in favor of Rewards Network Establishment Services Inc. ("Rewards Network") *nunc pro tunc* to the Petition Date. The Replacement Liens will only secure any diminution in value of Rewards Network's collateral, including cash collateral, following the Petition Date in this bankruptcy case. The Replacement Liens shall be, and hereby are effective and continuing without the necessity of the execution, filing and/or recordation of any security agreement, control agreement, pledge agreements, financing statements or otherwise. The Replacement Liens shall possess the same extent, validity and priority as Rewards Network's prepetition liens.

4. Subject to the provisions of 11 U.S.C. §552, Rewards Network will retain, to the same extent, validity and priority, all of its existing liens and security interests in all of its existing collateral, including any rights of setoff and/or recoupment.

5. The Debtor shall perform and cause all of its restaurants to perform under the applicable RN Documents pursuant to § 365 of the Bankruptcy Code until such time that the RN

Documents are either assumed or rejected in accordance with 11 U.S.C. § 365. Subject to a rejection under § 365, the Debtor and Rewards Network are authorized and shall perform all of their respective obligations under the Rewards Network documents post-petition unless and until a Termination Event, as defined in the Second Stipulation occurs. Any amounts paid by the Debtor to Rewards Network shall be applied to reduce the outstanding dining credits owing under the subject agreements (and thus the asserted secured claim of Rewards Network in accordance with the terms thereof). All the rights of the Debtor and Rewards Network under Bankruptcy Code § 365 regarding the assumption or rejection of the Agreements are fully reserved

6. Nothing in this Order shall be deemed to determine the extent, amount, validity or priority of the pre-petition claims or liens of Rewards Network.

------------------------- END OF ORDER -------------------------

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing Order shall be served to the parties and in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users:

- James L. Barnett    jbarnett@hollandhart.com, slclitdocket@hollandhart.com,intaketeam@hollandhart.com
- Darwin H. Bingham    dbingham@scalleyreading.net, cat@scalleyreading.net
- Deborah Rae Chandler    chandler@millertoone.com
- Tim Dance    tdance@swlaw.com, docket_slc@swlaw.com;snielsen@swlaw.com
- Steven W. Dougherty    sdougherty@aklawfirm.com, dhughes@aklawfirm.com
- Isaac M. Gabriel    isaac.gabriel@quarles.com, amelia.valenzuela@quarles.com;sybil.aytch@quarles.com
- Brooke Johnson    brjohnson@strongandhanni.com
- Casey W. Jones    cjones@strongandhanni.com, cbecerra@strongandhanni.com
- Peter J. Kuhn tr    Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Stephen W. Lewis    slewis@utah.gov
- Timothy M. Lupinacci    tlupinacci@bakerdonelson.com
- Blake D. Miller    miller@millertoone.com, millermobile@gmail.com;miller@ecf.inforuptcy.com;miller.blaked@gmail.com
- Richard Michael Otto    motto63@gmail.com
- Darren G. Reid    dgreid@hollandhart.com, mkthurgood@hollandhart.com
- Jerome Romero    jromero@joneswaldo.com
- Michael F. Thomson    thomson.michael@dorsey.com, montoya.michelle@dorsey.com;ventrello.ashley@dorsey.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

*/s/ Deborah R. Chandler*